UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWER TOWN PROJECT, LLC,

    Plaintiff,

v.

LAWYERS TITLE INSURANCE
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

SCOTT CHAPPELLE, an individual,
STRATHMORE DEVELOPMENT COMPANY
MICHIGAN, LLC, a Michigan limited liability company,
LOWER TOWN DEVELOPMENT GROUP, LLC, a
Michigan limited liability company, and CLARK
CONSTRUCTION COMPANY, Inc., a Michigan corporation,
TERRA MANAGEMENT COMPANY, a Michigan corporation,
jointly and severally,

    Third-Party Defendants.

Case No.: 2:10-cv-11615-NGE-DAS

HON. NANCY G. EDMUNDS

---

| HONIGMAN, MILLER, SCHWARTZ AND COHN | MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C. |
|---|---|
| Stuart H. Teger (P31674) | David Hart (P45084) |
| Attorneys for Plaintiff | Lavinia Biasell (P66018) |
| 660 Woodward Avenue, Suite 2290 | Attorneys for Defendant/Third-Party Plaintiff |
| Detroit, MI 48226-2500 | 28400 Northwestern Highway, 3rd Floor |
| (313) 465-7576 | Southfield, Michigan 48034 |
| steger@honigman.com | (248) 354-4030 |
| | deh@maddinhauser.com |
| | lxb@maddinhauser.com |

---

**LAWYERS TITLE INSURANCE CORPORATION'S THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, by and through its attorneys, Maddin, Hauser, Wartell, Roth & Heller, P.C., for its Third-Party Complaint, states as follows:

## PARTIES

1. Third-Party Plaintiff, Lawyers Title Insurance Corporation ("LTIC"), is a Nebraska Corporation with its principal place of business located in Jacksonville, Florida, and is the successor by merger to Transnation Title Insurance Company.

2. Third-Party Defendant, Scott Chappelle ("Chappelle"), upon information and belief, is a resident of the State of Michigan.

3. Third-Party Defendant, Strathmore Development Company Michigan, LLC ("Strathmore"), is a Michigan limited liability company with its principal place of business in East Lansing, Michigan.

4. Third-Party Defendant, Lower Town Development Group, LLC ("LT Development"), is a Michigan limited liability company with its principal place of business in East Lansing, Michigan.

5. Third-Party Defendant, Clark Construction Company, Inc. ("Clark"), is a Michigan corporation with its principal place of business in Lansing, Michigan.

6. Third-Party Defendant, Terra Management Company ("Terra"), is a Michigan corporation with its principal place of business in East Lansing, Michigan.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court because the Court has supplemental jurisdiction pursuant to 28 USC §1367(a).

8. Venue is proper in this district pursuant to 28 USC §1391(a).

## FACTUAL ALLEGATIONS

9. On or about November 14, 2007, Transnation Title Insurance Company ("Transnation") conducted a closing for an equity transfer transaction between LT Development and Lower Town Project, LLC ("LT Project") relating to certain real property in Ann Arbor, Michigan known as the Broadway Village at Lower Town project ("the Property").

10. At the time of the closing, Chappelle executed an Affidavit dated November 14, 2007 as president of Strathmore, manager of LT Development, wherein he attested that no work had been performed to the property for a period of 120 days prior to the Affidavit and that if any work had been performed, proper sworn statements and waiver of liens were obtained and submitted to Transnation. **(See Exhibit A).**

11. Just prior to the closing on October 31, 2007, Clark and Terra executed an Assignment and Standard Form of Agreement Between Owner and Design/Builder ("Assignment") relating to the Property, wherein Clark and Terra represented and warranted that there was no outstanding default under its contract, and that the contract was not subject to any claim, set-off, lien or encumbrance of any nature. **(See Exhibit B).**

12. The Assignment assigned Clark's contract with Terra to LT Project, and was signed by Chappelle on behalf of Terra and LT Project.

13. In reliance upon the Third-Party Defendants' representations, Transnation issued a 2006 ALTA Owner's Title Insurance Policy to LT Project for the Property containing a Date of Policy of December 19, 2007 ("the Policy").

14. In mid-2009, LT Project submitted a title insurance claim relating to a lawsuit filed by a construction lien claimant, Conestoga-Rovers & Assoc ("Conestoga"), seeking to foreclose a construction lien recorded against the Property ("the Underlying Litigation").

15. Other lien claimants, H&M Demolition Companies ("H&M") and Clark, subsequently filed claims in the Underlying Litigation to foreclose their own construction liens against the Property.

16. LT Project sued LTIC in this Court for an alleged breach of the Policy, which LTIC denies.

17. To the extent this Court may find that LTIC is liable to LT Project, a judgment for indemnification against Third-Party Defendants should be entered in LTIC' favor.

## COUNT I
## INDEMNITY - SCOTT CHAPPELLE, STRATHMORE DEVELOPMENT COMPANY MICHIGAN, LLC AND LOWER TOWN DEVELOPMENT GROUP, LLC

18. LTIC reincorporates and re-alleges all previous paragraphs as if fully restated herein.

19. Chappelle/Strathmore/LT Development executed an Affidavit on November 14, 2007, wherein they attested to the following: "That no work has been performed or materials delivered to said property for a period of (120) days prior to the date of this affidavit, and if any work has been performed or materials delivered during said 120 day period, proper sworn statements and waiver of liens showing payment or release of lien rights have been obtained and submitted to Transnation Title Insurance Company for its approval."

20. Chappelle/Strathmore/LT Development agreed that in the event that any of the representations in the Affidavit prove to be incorrect for any reason and a claim by a third party results, they would "indemnify and hold harmless Transnation Title Insurance Company from all claims and damages, including litigation costs and attorney fees arising as the result of such claim."

21. Should this Court enter a judgment in favor of LT Project and against LTIC, then

949234

4

the Court should also enter a judgment for indemnification against Chappelle, Strathmore and LT Development and in favor of LTIC.

WHEREFORE, Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, respectfully requests that this Honorable Court enter a judgment for indemnification against Third-Party Defendants, Scott Chappelle, Strathmore Development Company Michigan, LLC and Lower Town Development Group, LLC for the sum total of the damages suffered and to be suffered by Defendant/Third-Party Plaintiff, including costs and attorney fees. Defendant/Third-Party Plaintiff requests such other and further relief as the Court deems just and appropriate.

## COUNT II
## INDEMNITY - CLARK CONSTRUCTION COMPANY, INC.

22.  LTIC reincorporates and re-alleges all previous paragraphs as if fully restated herein.

23.  Clark executed an Assignment wherein Clark represented and warranted "that there is no outstanding default under the Contract, and that Clark's interest in the Contract is not subject to any claim, set-off, lien or encumbrance of any nature."

24.  Upon information and belief, Clark's representations were false and Clark knew them to be false at the time they were made.

25.  Should this Court enter a judgment in favor of LT Project and against LTIC relating to Clark's construction lien against the Property, then the Court should also enter a judgment for indemnification against Clark and in favor of LTIC.

WHEREFORE, Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, respectfully requests that this Honorable Court enter a judgment for indemnification against Third-Party Defendant, Clark Construction Company, Inc. for the sum total of the

949234

5

damages suffered and to be suffered by Defendant/Third-Party Plaintiff, including costs and attorney fees. Defendant/Third-Party Plaintiff requests such other and further relief as the Court deems just and appropriate.

## COUNT III
## INDEMNITY – TERRA MANAGEMENT COMPANY

26. LTIC reincorporates and re-alleges all previous paragraphs as if fully restated herein.

27. Terra executed an Assignment wherein Terra represented and warranted "that there is no outstanding default under the Contract by either party, and that [Terra's] interest under the Contract is not subject to any claim, set-off, lien or encumbrance of any nature..."

28. Upon information and belief, Terra's representations were false and Terra knew them to be false at the time they were made.

29. Should this Court enter a judgment in favor of LT Project and against LTIC relating to Clark's construction lien against the Property, then the Court should also enter a judgment for indemnification against Terra and in favor of LTIC.

WHEREFORE, Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, respectfully requests that this Honorable Court enter a judgment for indemnification against Third-Party Defendant, Terra Management Company for the sum total of the damages suffered and to be suffered by Defendant/Third-Party Plaintiff, including costs and attorney fees. Defendant/Third-Party Plaintiff requests such other and further relief as the Court deems just and appropriate.

## COUNT IV
## MISREPRESENTATION - LOWER TOWN DEVELOPMENT GROUP, LLC, STRATHMORE DEVELOPMENT COMPANY MICHIGAN, LLC AND SCOTT CHAPPELLE

30. LTIC reincorporates and re-alleges all previous paragraphs as if fully restated herein.

31. Chappelle/Strathmore/LT Development made material representations to Transnation in the Affidavit dated November 14, 2007 regarding the status of the work on the Property.

32. More specifically, Chappelle/Strathmore/LT Development represented the following: "That no work has been performed or materials delivered to said property for a period of (120) days prior to the date of this affidavit, and if any work has been performed or materials delivered during said 120 day period, proper sworn statements and waiver of liens showing payment or release of lien rights have been obtained and submitted to Transnation Title Insurance Company for its approval."

33. Upon information and belief, the representations were false.

34. When Chappelle/Strathmore/LT Development made the representations, they knew that they were false, or made the representations recklessly, without any knowledge of their truth, and as positive assertions.

35. Chappelle/Strathmore/LT Development made the representations with the intent that Transnation would rely on the representations and issue the Policy to LT Project.

36. Transnation issued the Policy in reliance on Chappelle/Strathmore/LT Development's representations.

37. LTIC has suffered injury as a result of its predecessor in interest, Transnation's,

reliance on the representations.

WHEREFORE, Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, respectfully requests that this Honorable Court enter a judgment in its favor and against Third-Party Defendants, Scott Chappelle, Strathmore Development Company Michigan, LLC and Lower Town Development Group, LLC for the sum total of the damages suffered and to be suffered by Defendant/Third-Party Plaintiff, including costs and attorney fees. Defendant/Third-Party Plaintiff requests such other and further relief as the Court deems just and appropriate.

### COUNT V
### MISREPRESENTATION – CLARK CONSTRUCTION COMPANY, INC.

38. LTIC reincorporates and re-alleges all previous paragraphs as if fully set forth herein.

39. Clark made material representations in the Assignment regarding the status of defaults and liens relating to its contract for work to be performed to the Property.

40. More specifically, Clark represented "that there is no outstanding default under the Contract, and that Clark's interest in the Contract is not subject to any claim, set-off, lien or encumbrance of any nature."

41. Upon information and belief, the representations were false.

42. When Clark made the representations, it knew that they were false, or made the representations recklessly, without any knowledge of their truth, and as positive assertions.

43. Clark made the representations with the intent that Transnation would rely on the representations and conduct the closing for the equity transfer transaction between LT Development and LT Project.

44. Transnation conducted the closing and issued the Policy in reliance on Clark's

representations.

45. LTIC has suffered injury as a result of its predecessor in interest, Transnation's, reliance on the representations.

WHEREFORE, Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, respectfully requests that this Honorable Court enter a judgment in its favor and against Third-Party Defendant, Clark Construction Company, Inc. for the sum total of the damages suffered and to be suffered by Defendant/Third-Party Plaintiff, including costs and attorney fees. Defendant/Third-Party Plaintiff requests such other and further relief as the Court deems just and appropriate.

## COUNT VI
## MISREPRESENTATION – TERRA MANAGEMENT COMPANY

46. LTIC reincorporates and re-alleges all previous paragraphs as if fully set forth herein.

47. Terra made material representations in the Assignment regarding the status of defaults and liens relating to its contract for work to be performed to the Property.

48. More specifically, Terra represented "that there is no outstanding default under the Contract by either party, and that [Terra's] interest under the Contract is not subject to any claim, set-off, lien or encumbrance of any nature..."

49. Upon information and belief, the representations were false.

50. When Terra made the representations, it knew that they were false, or made the representations recklessly, without any knowledge of their truth, and as positive assertions.

51. Terra made the representations with the intent that Transnation would rely on the representations and conduct the closing for the equity transfer transaction between LT Development and LT Project.

949234                                                           9

52.     Transnation conducted the closing and issued the Policy in reliance on Terra's representations.

53.     LTIC has suffered injury as a result of its predecessor in interest, Transnation's, reliance on the representations.

WHEREFORE, Defendant/Third-Party Plaintiff, Lawyers Title Insurance Corporation, respectfully requests that this Honorable Court enter a judgment in its favor and against Third-Party Defendant, Terra Management Company, for the sum total of the damages suffered and to be suffered by Defendant/Third-Party Plaintiff, including costs and attorney fees. Defendant/Third-Party Plaintiff requests such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

MADDIN, HAUSER, WARTELL,
ROTH & HELLER, P.C.

*/s/ Lavinia S. Biasell*
David Hart (P45084)
Lavinia Biasell (P66018)
Attorneys for Lawyers Title Insurance Company
28400 Northwestern Highway, 3rd Floor
Southfield, Michigan 48034
(248) 354-4030
deh@maddinhauser.com
lxb@maddinhauser.com

Dated: May 28, 2010

## CERTIFICATE OF SERVICE

    I hereby certify that on May 28, 2010 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

                                         *s/ Lavinia S. Biasell*
                                         Lavinia S. Biasell
                                         Maddin, Hauser, Wartell, Roth & Heller, P.C.
                                         Attorneys for Defendants
                                         Lawyers Title Insurance Corporation
                                         28400 Northwestern Highway, 3rd Floor
                                         Southfield, MI  48034
                                         (248) 827-1875
                                         Email:  lxb@maddinhauser.com
                                         Attorney Bar No. P66018

DATED: May 28, 2010