# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LOWER TOWN PROJECT, LLC,

    Plaintiff,

v.                                           Case No. 10-11615

LAWYERS TITLE INSURANCE
CORPORATION,

    Defendant/Third-Party Plaintiff,

v.

SCOTT CHAPPELLE, et al.,

    Third-Party Defendants.

                                                      /

**ORDER (1) DENYING THIRD-PARTY PLAINTIFF'S "MOTION IN LIMINE NO. 1 REGARDING CLARK CONSTRUCTION COMPANY," (2) DENYING THIRD-PARTY PLAINTIFF'S "MOTION IN LIMINE NO. 4 REGARDING WITNESS SANDY ORLANDO," AND (3) DENYING THIRD-PARTY PLAINTIFF'S "MOTION IN LIMINE NO. 5 TO EXCLUDE THIRD-PARTY DEFENDANTS' EXHIBITS"**

      Pending before the court are three motions in limine filed by Third-Party Plaintiff in this matter, requesting the exclusion of various evidence Third-Party Defendants may offer for admission at trial. The motions have been fully briefed, and the court determines a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). It is often the case that insufficient context is provided in such motions to allow the court to fully gauge the nature and potential impact of evidentiary questions such as these. As described more fully below, the court will deny Third-Party Plaintiff's motions, without prejudice to Third-Party Plaintiff's ability to object to the proffered evidence at trial.

**1. Evidence of Claims Against Clark Construction Company ("Clark")**

Third-Party Plaintiff first seeks to prevent Third-Party Defendants from "introduc[ing] testimony regarding the claims against Clark and subsequent dismissal thereof as evidence at trial to support the position that Chappelle and his entities are not liable for misrepresentation and indemnity." (Third-Party Pl.'s Mot. in Limine No. 1, at 2, Dkt. # 92.) In the third-party complaint, Third-Party Plaintiff originally stated claims against both Clark and Third-Party Defendant Terra Management Company ("Terra") based on statements made in an assignment agreement executed October 31, 2007. Third-Party Plaintiff and Clark subsequently stipulated to the dismissal of the claims against Clark, and Third-Party Plaintiff now lists Clark's vice president, Ken Lawless, as a witness in its case against remaining Third-Party Defendants. Now, Third-Party Plaintiffs argue that evidence of this dismissal is irrelevant under Federal Rule of Evidence 401, unfairly prejudicial under Federal Rule of Evidence 403, and inadmissible evidence of the compromise of a disputed claim under Federal Rule of Evidence 408. In response, Third-Party Defendants contend that they are allowed to introduce evidence of Clark's dismissal from the suit on cross-examination of Mr. Lawless to show his potential bias in favor of Third-Party Plaintiff. The court agrees.

Rule 408 provides that evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise [a disputed] claim" is "not admissible—on behalf of any party—either to prove or disprove the validity or amount of [the] claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Notwithstanding, the Rule allows the admission of such evidence if offered "for another

purpose, such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b). Third-Party Defendants' proposed use of the evidence related to Third-Party Plaintiff's claims against Clark would be permissible, as they would not be offering it to show that Clark or Terra is or is not liable to Third-Party Plaintiff based on the assignment agreement. *See Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 519 (6th Cir. 2008) (holding district court did not err in allowing the defendant's evidence of witnesses' prior settlements with the defendant when evidence "offered to show that [the witnesses] might be biased against [the defendant] because their settlement amounts were for less than they had requested"). Because the objected-to evidence could be properly admitted in this context, the court must deny Third-Party Plaintiff's motion to exclude it outright. At trial, Third-Party Plaintiff may renew its objection if Third-Party Defendants seek to introduce the evidence for a purpose other than demonstrating Mr. Lawless's possible bias.

### 2. Testimony of Sandy Orlando

Next, Third-Party Plaintiff objects to the anticipated testimony of Third-Party Defendants' "Rebuttal Witness as to Damages, Sandy Orlando." (Joint Final Pretrial Order 7, Dkt. # 74.) Ms. Orlando is an accountant formerly employed by Terra and Third-Party Defendant Strathmore Development Co. Michigan, LLC ("Strathmore"). As such, Third-Party Plaintiff alleges that she has no personal knowledge of, nor is she qualified to offer an opinion on, its damages, which it identifies as the $780,000 it expended in defending and eventually settling the title-insurance claim brought against it by Plaintiff. Third-Party Defendants counter that this motion in limine is premature because Ms. Orlando is listed only as a rebuttal witness. They further maintain that, in any case, she is in a position to testify as to "what amounts would have been owed to

3

contractors engaged to provide services" for Broadway Village, (Third-Party Defs.' Resp. Opp'n Mot. in Limine No. 4, at 3, Dkt. # 94), which is relevant to Third-Party Plaintiff's claim that "Defendants did not disclose 'that the contractors were owed in excess of $2 million for their work on the project in November 2007,'" (*id.* at 2 (quoting Third-Party Plaintiff's Trial Br. 8, Dkt. # 85)).

      The court agrees with Third-Party Defendants that a ruling on the admissibility of Ms. Orlando's testimony is premature. Without the development at trial of contextual questions regarding, at the least, Ms. Orlando's qualifications, her relationship to Third-Party Defendants, and the specific matters about which she will be asked to testify, the court cannot determine the relevancy of her testimony to Third-Party Plaintiff's damages. The court will note only that Third-Party Defendants' proffered argument regarding the relevancy of her testimony speaks to the question of liability, namely whether Third-Party Defendants knowingly made false representations regarding outstanding debts related to Broadway Village. Generally, the court is inclined to hold Third-Party Defendants to their pretrial disclosure identifying Ms. Orlando as a witness on damages, though some leeway may be allowed in this respect depending on the evidence adduced at trial. Therefore, the court will deny Third-Party Plaintiff's motion to preemptively exclude Ms. Orlando's testimony, subject to Third-Party Plaintiff's ability to restate its objection if and when Ms. Orlando is called as a witness at trial.

      At this juncture, the court will address an issue raised by Third-Party Plaintiff in its reply brief to the motion in limine regarding Ms. Orlando. In their response, Third-Party Defendants stated that "there has never been a determination that the [construction] liens [on Broadway Village] were valid or that they were covered by

[Plaintiff's title-insurance] policy." (Third-Party Defs.' Resp. Opp'n Mot. in Limine No. 4, at 2.) In Third-Party Plaintiff's view, this contradicts the prior summary judgment order, which concluded that the relevant liens attached prior to the date of the policy and therefore were within the policy's scope. (*See* Order Den. Summ. J. 17-19, Aug. 1, 2011, Dkt. # 61.) As a result, Third-Party Plaintiff requests that the court preclude, on this ground, any testimony by Ms. Orlando relating to damages as well as any "testimony and other evidence relating to matters that have been decided by the [c]ourt." (Third-Party Pl.'s Reply Supp. Mot. in Limine No. 4, at 4, Dkt. # 96.)

With respect to Ms. Orlando, the court does not find in this new argument a reason to deviate from its decision to deny Third-Party Plaintiff's motion as premature, especially given that Third-Party Defendants have not indicated that they wish Ms. Orlando to testify regarding the validity of the construction liens or the coverage of the policy. Third-Party Plaintiff's broader request to exclude all evidence relating to these matters is not properly before the court, as it was raised for the first time in a reply. *See Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 682-83 (E.D. Mich. 2002) ("[I]t is not the office of a reply brief to raise issues for the first time."); *cf. Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 372 n.7 (6th Cir. 2009) ("[A]rguments not raised before the district court, including arguments presented for the first time to a district court in a reply brief, generally are considered waived on appeal . . . ."). Regardless, any determination would depend heavily on context. While the summary judgment order did hold that the construction liens attached prior to the date of the title-insurance policy and were therefore "covered," it also noted an issue of fact as to whether the liens were subject to enumerated policy exclusions. Thus, the court cannot

5

conclude that evidence related to the second point would be wholly irrelevant or otherwise inadmissible at trial.

### 3. Third-Party Defendants' Proposed Exhibits 501, 502, 507, 505, 510, 511, 512, and 513

Third-Party Plaintiff also asks the court to exclude a number of exhibits proposed by Third-Party Defendants, namely: the third-party complaint (Exhibit 501); Clark's answer to the third-party complaint (Exhibit 502); the stipulated order of dismissal regarding Clark (Exhibit 505); Third-Party Plaintiff's answer to Plaintiff's complaint (Exhibit 507); Third-Party Plaintiff's answers to interrogatories posed by Plaintiff (Exhibit 510); and three documents relating to construction funding that Third-Party Defendant Scott Chappelle was trying to secure from Key Bank (Exhibits 511, 512, and 513). Third-Party Plaintiff asserts that each of these documents is irrelevant under Rule 401 and constitutes hearsay under Federal Rule of Evidence 801. Third-Party Defendants respond by explaining the relevancy of each document to their case and claiming that each exhibit either is not offered for the truth of the matter asserted or is excluded from the definition of hearsay.

Again, the court lacks the necessary context for these proposed exhibits to rule on their admissibility at this time. Third-Party Defendants adequately describe a relevant potential purpose for each document. The third-party complaint, Clark's answer, and the order dismissing the claims against Clark evince the claims asserted against Clark, their magnitude, and their subsequent dismissal—facts which, as noted above, may be used to show potential bias of Third-Party Plaintiff's witness Ken

Lawless.[1]  Third-Party Plaintiff's answer to Plaintiff's complaint and interrogatories demonstrate Plaintiff's shifting litigation position as to whether the construction liens on Broadway Village are insured by the Policy, an issue that, as previously discussed, was left somewhat open by the prior summary judgment order.  The documents regarding Chappelle's attempt to secure financing from Key Bank may shed light on the truthfulness of Terra's representation that its contract with Clark was not in default at the time it executed the assignment agreement, as Terra and Clark may have expected that the construction loan would be used to pay any outstanding invoices.

Additionally, Third-Party Defendants provide sufficient responses to Third-Party Plaintiff's hearsay objections to avoid outright exclusion of their proposed exhibits.  Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c)(2).  All of Third-Party

---

[1] Third-Party Defendants also proffer another use of the third-party complaint.  Claiming the pretrial filings indicate that Third-Party Plaintiff will attempt to hold them "liable for *any* (as yet undetermined) inaccurate statements" beyond those specifically identified in the third-party complaint, Third-Party Defendants aver that the third-party complaint "constitute[s] admissions that may be used to contradict any testimony (or argument related thereto) that [Third-Party] Defendants are liable for some as yet unidentified misstatements."  (Third-Party Defs.' Resp. Opp'n Motion in Limine No. 5, at 3-4, Dkt. # 93.)  Provisionally, it seems that the third-party complaint is irrelevant to the proposition attributed to Third-Party Plaintiff.  Allegations that Third-Party Defendants are liable for misrepresentation and indemnification based on certain identified statements have no "tendency to make [the] fact" of liability based on other statements "more or less probable."  Fed. R. Evid. 401(a).  Nonetheless, Third-Party Defendants are essentially correct that the third-party complaint premises their liability on statements made in the affidavit signed by Chappelle and the assignment agreement executed by Terra.  Evidence from Third-Party Plaintiff of other purportedly false statements may have no "consequence in determining the action" and might themselves be proper subjects of a relevancy objection.  *Id.* 401(b).  Or, there may be a rationale for admitting any such statements, e.g., as other acts under Federal Rule of Evidence 404(b). Without further context, the court cannot know.

Defendants' proposed uses of the objected-to exhibits do not contemplate proof of the truth of the matter asserted in those documents, with the possible exception of Third-Party Plaintiff's answer to Plaintiff's complaint and Third-Party Plaintiff's interrogatory answers. Nevertheless, these exhibits might be admissible as statements "offered against an opposing party" and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed," which are outside the definition of hearsay. Fed. R. Evid. 801(d)(2)(D); *see Gridiron Steel Co. v. Jones & Laughlin Steel Corp.*, 361 F.2d 791, 794 (6th Cir. 1966) ("Answers by a party to interrogatories may be used for any purpose."). *See generally* Michael H. Graham, *Federal Practice & Procedure* § 7023 ("An attorney may, of course, act as an ordinary agent and as such make evidentiary admissions admissible against his principal." (citing Fed. R. Evid. 801(d)(2)(C), (D))). For these reasons, the court cannot determine the admissibility of Third-Party Defendants' proposed Exhibits 501, 502, 505, 507, 510, 511, 512, and 513 at the present time. Although the court will deny Third-Party Plaintiff's motion in limine to exclude this evidence, Third-Party Plaintiff may object to the admission of these exhibits at trial.

Accordingly,

IT IS ORDERED that Third-Party Plaintiff's "Motion in Limine No. 1 Regarding Clark Construction Company" [Dkt. # 88] is DENIED, subject to specific objections at trial.

IT IS FURTHER ORDERED that Third-Party Plaintiff's "Motion in Limine No. 4 Regarding Witness Sandy Orlando" [Dkt. # 90] is DENIED, subject to specific objections at trial.

IT IS FURTHER ORDERED that Third-Party Plaintiff's "Motion in Limine No. 5 to Exclude Third-Party Defendants' Exhibits" [Dkt. # 91] is DENIED, subject to specific objections at trial.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2012, by electronic and/or ordinary mail.

      s/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522